IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ILEANA VAZQUEZ-BORGES
Plaintiff
vs
NUPRESS OF MIAMI, INC.
Defendant

CIVIL 09-1964CCC

**ORDER**

This is an action for breach of contract through which plaintiff, Ileana Vázquez-Borges (Vázquez), seeks payment of salaries, commissions, vacation leave and expenses which defendant NuPress of Miami, Inc. (NuPress) allegedly failed to pay her while she served as its sales representative. The action was originally filed in the Commonwealth courts on February 25, 2009, but was removed to this Court on September 21, 2009 based on the diversity of citizenship between the parties (docket entry 1).

Since its very beginning, this action has been in a total state of disarray. Initially, this disarray was the result of defendant's non-compliance with the Court's October 18, 2010 Order (docket entry 14) to obtain new counsel once its original attorney withdrew from the case, which resulted in the Court's striking its answer to the complaint and entering default against it on December 13, 2010 (docket entry 20). In that same Order, the Court also required plaintiff to file an application for default judgment no later than January 10, 2011 "duly supported by documentary evidence regarding the accounting of damages." Id., at p. 2. As plaintiff never complied with that portion of the December 13, 2010 Order nor stated the reasons for her failure to do so, judgment dismissing the action for her lack of interest in its prosecution was entered on March 23, 2011 (docket entry 23).

Plaintiff sought reconsideration from said dismissal on April 20, 2011 (docket entry 24), averring that a combination of factors which affected her attorney -- the death of a close relative, the need to care for his daughters and in-laws, but mainly a series of health

complications suffered by him from October 2010 until the filing of the motion in April 2011 as a result of his diabetic condition -- caused a disruption in his workload which resulted in the noncompliance. The Court acquiesced to the reconsideration requested, reopened the case (docket entry 26), and referred to a Magistrate Judge for a hearing and report and recommendation a motion for default judgment (docket entry 25) which plaintiff had filed shortly after requesting reconsideration. A hearing on that motion was never held, however, as before the Magistrate Judge plaintiff's counsel voluntarily agreed to the setting aside of the default entered against NuPress (see docket entry 33). The Magistrate Judge also entered a new discovery schedule agreed to by the parties, under which they were allowed until October 1, 2011 to provide the Rule 26 initial disclosures, until October 17, 2011 to serve all written discovery, until November 17, 2011 to answer all written discovery and until December 9, 2011 to conclude all depositions and the discovery phase of the case. See docket entry 33. This discovery schedule substantially altered the one previously set by the Court in its Case Management Order issued on November 4, 2009 (docket entry 10), under which the parties had until December 21, 2009 to produce their initial disclosures and until June 25, 2010 to conclude all their discovery.

Before the Court now is a Motion to Dismiss for Failure to Comply with Discovery Schedule filed by NuPress on December 14, 2011 (**docket entry 38**), in which defendant alleges that plaintiff failed to serve her the Rule 26 disclosures and to answer its written discovery requests within the deadlines established in the amended discovery schedule issued by the Magistrate Judge, of which the accounting of her damages is an essential part. The Court notes that when it entered judgment of dismissal due to plaintiff's lack of diligence it was precisely because she had failed to submit without any justification the accounting of damages requested from her since December 23, 2010 (docket entry 20).

Plaintiff's opposition to the dismissal motion (docket entry 41) is practically a replica of her motion for reconsideration (docket entry 24) seeking to vacate the judgment of

dismissal. It is a narrative of the medical conditions of Mr. Maldonado-Nieves, the attorney for plaintiff, due to his diabetic condition and complications at different stages since 2004. In support thereof he has filed a medical certificate by Dr. Julio Albino-Vázquez dated January 9, 2012, which merely updates the previous medical certificated of that same doctor dated April 5, 2011 which was submitted in support of the motion for reconsideration.

Both the motion for reconsideration (docket entry 24) and the opposition to the dismissal motion (docket entry 41), as well as the two medical certificates, establish beyond doubt that attorney Maldonado-Nieves knows or should know that during this entire time he was not physically fit to assume the responsibility of representing a party in a litigation. What both medical certificates clearly evidence is a pattern of recurrent medical conditions, yet he neither requested the assistance of a co-counsel nor to withdraw from the case. The remedy is not to allow in mid-2012 more extensions to the discovery deadlines and issue yet a third scheduling order to gamble on compliance by plaintiff and her attorney. It is undisputed that, as of today, no initial disclosures and no accounting of damages has been produced by the plaintiff. The delay caused by this non-compliance with the discovery deadlines has been prejudicial to the defendant because it is unjustified, it has not allowed for any discovery to be conducted and presages further delay.

Accordingly, for the reasons stated, the Motion to Dismiss for Failure to Comply with Discovery Schedule filed by NuPress on December 14, 2011 (**docket entry 38**) is GRANTED. Judgment will be entered DISMISSING this action, with prejudice.

SO ORDERED.

At San Juan, Puerto Rico, on June 29, 2012.

S/CARMEN CONSUELO CEREZO
United States District Judge